1  LEE TRAN & LIANG LLP
2    Enoch H. Liang (Bar No. 212324)
     enoch.liang@ltlattorneys.com
3    James M. Lee (Bar No. 192301)
     james.lee@ltlattorneys.com
4    Timothy S. Fox (Bar No. 280918)
     timothy.fox@ltlattorneys.com
5  601 S. Figueroa Street, Suite 3900
   Los Angeles, California 90017
6  Tel.: 213-612-8900 / Fax: 213-612-3773

7  Attorneys for Plaintiffs
   Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl

8  LAW OFFICES OF RICKY W. POON
9    Ricky W. Poon (Bar No. 177401)
     poonlawoffice@yahoo.com
10  2926 W. Valley Blvd.
    Alhambra, CA 91803
11  Tel: 626-282-9797 / Fax: 626-282-9733

12  Attorneys for Defendant
    Chase Wood & Cabinets, Inc. and Hui Chen

13  EVGENY SWAROVSKI
14    Bar No. 242882
      bonproject@gmail.com
15  P.O. Box 81
    Pasadena, CA 91102
16  Tel: 626-872-4252 / Fax: 626-410-1112

17  Attorneys for Defendants
    Granada Wood & Cabinets, Inc., Granada Kitchen &
18  Floor, LLC, and Tao Zhan

19              UNITED STATES DISTRICT COURT
20              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILIN BEHEER B.V., and FLOORING INDUSTRIES, LTD. SARL,<br><br>Plaintiffs,<br><br>v.<br><br>NSL TRADING CORP., et. al.<br><br>Defendants. | CASE NO.: 2:14-cv-02210-ODW (MRWx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>[Discovery Document: Referred to Magistrate Judge Otis D. Wright II] |

JOINT STIPULATION RE PROTECTIVE ORDER

WHEREAS, Plaintiffs Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl have filed a Complaint against Defendants NSL Trading Corp, Hui Chen, Jing Nie, Chase Wood & Cabinets, Inc., Granada Wood & Cabinets, Inc. dba Granada Cabinetry, Granada Kitchen & Floor, LLC, Tao Zhang and Does 1 to 10 inclusive in the above-captioned action (the "Action");

WHEREAS, GOOD CAUSE APPEARS for the entry of this Protective Order because discovery in this Action may involve the disclosure of trade secrets as defined in California Civil Code § 3426.1 or other confidential, technical, business and financial information, including, but not limited to, marketing information, sales information, customer lists, market surveys, and other similar materials that would cause substantial, material harm to the Disclosing Party if such information were publicly known;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the entry of this protective order (the "Protective Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

1.   All documents, electronically stored information, materials, items, testimony or information, regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced, provided or served, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order if designated in accordance with this Protective Order, and if so designated, used only for the purposes of this litigation and related litigation matters and governmental filings (including, for example, filings with the United States Patent and Trademark Office) and not for any other purpose, including but not limited to business, or competitive purpose or function. Notwithstanding the foregoing,

nothing in this paragraph 1 or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information, in whatever form.

2. The terms of this Protective Order shall apply to all manner and means of disclosure of information in discovery, whether formal or informal, designated in accordance with this Protective Order, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents, electronically stored information and tangible things.

3. Definitions

a. "Private" information is defined herein as information that a Disclosing Party in good faith believes (i) is not in the public domain (i.e., not generally known and not reasonably ascertainable by proper means) and (ii) contains trade secrets (as defined in California Civil Code § 3426.1) or other proprietary or confidential research, development, marketing, financial, technical, or commercial information, including business plans, pricing information, financial statements and accounting reports, minutes of board of directors meetings, marketing and advertising plans, product development information and market research or other commercial information.

b. "Disclosing Party" is defined herein as any Party or non-party who is requested to produce or produces Documents or other information in connection with the conduct of the Action.

c. "Document" shall include without limitation any documents, records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, computer code, databases, version control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests

for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing. The term "Document" as used herein specifically includes electronically stored information as that term is used in the Federal Rules of Civil Procedure.

d. "Confidential Business Information," information is defined herein as such Private information that the Disclosing Party in good faith believes would cause direct harm to the competitive position of the Disclosing Party if such Private information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the business, commercial or financial interests of the Disclosing Party.

e. "Qualified Person" as used herein means:

(i) A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this litigation;

(ii.) Outside attorneys of record for the parties in this litigation, and other outside counsel who are providing advice to any party in connection with this litigation or are otherwise assisting in the defense of this litigation, and employees or service providers of such counsel to whom it is necessary that the material be shown for purposes of the litigation;

(iii) In-house counsel for a Party who are responsible for assisting with the litigation;

(iv.) Any person retained by a Party or its trial counsel as an independent consultant or expert (who is not a shareholder, officer, director or employee of a Party) who agrees in writing to be bound by the terms of this Protective Order in the form of Exhibit A, attached hereto (such signed agreement shall be preserved by the retaining Party or trial counsel);

  (v.) Any court reporter who transcribes testimony in this Action at a deposition and who agrees that all testimony and exhibits that are designated Private or Confidential Business Information Restricted is and shall remain Private or Confidential Business Information and shall not be disclosed except as provided in this Order;

  (vi.) The Court and the Court's personnel;

  (vii.) Outside vendors who perform copying, document preparation, or creation of trial graphics or tutorials on behalf of any Party for use in this action and who agree that all testimony and exhibits that are designated Private or Confidential Business Information are and shall remain Private or Confidential Business Information and shall not be disclosed except as provided in this Order;

  (viii.) Any other person who is designated as a Qualified Person by written agreement of counsel for the Parties or by Order of this Court, after notice to all Parties and a hearing;

 f. "Receiving Party" is defined herein as any individual who has received information properly designated as Private, or Confidential Business Information, pursuant to this Protective Order.

 4. A Disclosing Party may designate Private information, as defined herein. In designating Private information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Private information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). No item shall be deemed Private if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to be known to a Party through means not constituting breach of any proprietary or confidential relationship or obligation,

breach of this Protective Order or any improper means.

5. Documents and things produced that contain Private information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows: "PRIVATE."

6. Access to information designated as PRIVATE shall be limited to Qualified Persons (as defined in paragraph 3(e) above). A Receiving Party shall treat information as "Private" under this Protective Order, as soon as a Disclosing Party so designates the information.

7. A Disclosing Party may designate Confidential Business Information as defined herein. In designating Confidential Business Information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Confidential Business Information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). Documents, testimony, information and other things designated Confidential Business Information, may be disclosed only to the Qualified Persons identified in subsections (ii) through (viii) of Paragraph 3(e) of this Protective Order. A Receiving Party shall treat information as Confidential Business Information as soon as a Disclosing Party so designates the information.

8. Documents and things produced that contain Confidential Business Information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production by the following: "CONFIDENTIAL BUSINESS INFORMATION" or "RESTRICTED." Plaintiffs will be producing documents previously produced in prior litigation that are marked with a designation of "CONFIDENTIAL BUSINESS INFORMATION," "CONFIDENTIAL," or "RESTRICTED." Any documents so marked will be deemed to have been designated as Confidential Business Information as defined

herein and treated in accordance with the applicable provisions of this Order.

9. In the event that at the time a document is produced the designation Private or Confidential Business Information is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Disclosing Party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the Receiving Party in writing of the change in or addition of a restrictive designation, accompanied by substitute copies of each item, properly designated. As soon as notice of a designation is made by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated Documents or information consistent with the designation given by the Disclosing Party. Those individuals who reviewed the documents or information prior to notice of the mis-designation or failure to designate by the Disclosing Party shall return all copies of the mis-designated or non-designated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any information contained in the mis-designated or non-designated Documents or information. The Receiving Party shall have no liability to the Disclosing Party, the Court, or third parties for any use or disclosure of any documents or information prior to the time that the Disclosing Party notifies the Receiving Party in writing of the change in or addition of a specific designation under this Protective Order.

10. In the event that either Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Private or Confidential Business Information, then such disclosure shall be permitted only under the following conditions:

    a. Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order,

and that he/she is bound by the terms thereof.

b. Prior to disclosure of such Private or Confidential Business Information, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae shall be delivered by electronic mail, hand delivery, facsimile or overnight courier to Trial Counsel for the Disclosing Party along with a statement that the Exhibit and curriculum vitae are being served in accordance with this paragraph 10 of the Protective Order.

c. In the event that the Disclosing Party objects to disclosure of its Private or Confidential Business Information to the independent consultant or expert, the Disclosing Party shall deliver by electronic mail, hand, facsimile or overnight courier a notice of objection to the opposing Party within five (5) business days after receipt of service of the materials required to be served under subparagraph (b) of this paragraph 10. In such event, disclosure of the information shall not be made until the Parties agree in writing that such disclosure may be made or the Court issues an order or ruling that such disclosure is permitted. The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection. Failure to give notice of objection within five (5) business days after receipt of service of the materials required to be served under subparagraph (b) of this paragraph 10 shall operate as a waiver of the objection, unless a reason and ground for an objection becomes apparent after such time which reason and ground did not exist at such time. A Disclosing Party may object to the disclosure of Private or Confidential Business Information to an independent consultant or expert only on the grounds that an actual and material conflict of interest exists between such independent consultant or expert and the Disclosing Party.

    d.    Unless the dispute is resolved by agreement between the Parties, the Party seeking disclosure may move for a ruling by the Court on the dispute. The Disclosing Party shall have the burden of establishing that the disclosure should not be permitted.

    e.    When an expert or independent consultant has been identified pursuant to the above procedure, the procedure need not be followed for any and all subsequent disclosures of confidential material to the same expert or independent consultant.

11.    Information disclosed at a deposition may be designated under this Protective Order by a Disclosing Party by so-indicating on the record at the deposition, or by the Disclosing Party's notification of all other Parties and the court reporter in writing, within fifteen (15) calendar days of receipt of the original copy of the transcript of the portions of the transcript that contain information to be designated under this Protective Order. The Disclosing Party shall attach a copy of a written statement making such designation to the face of the transcript by page and line numbers and provide a copy of same to every other Party.

12.    Testimony designated as Confidential Business Information or exhibits designated as Confidential Business Information shall not be disclosed to any persons other than those specified in subsections (ii) through (viii) of Paragraph 3(e). The designation of testimony given as Private or Confidential Business Information, or the de-designation of such testimony given, shall not affect the confidential status of exhibits presented or used in connection with such testimony.

13.    All Private or Confidential Business Information submitted to the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Private or Confidential Business Information, shall be filed under seal, along with an application and proposed order pursuant to Local Rule 79-5.1, with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. Parties shall follow

1 procedures under pilot program for e-filing under seal documents. *See* www.cacd.uscourts.gov for further information. If, after the conclusion of this litigation and any time for appeal has expired, the Clerk of the Court desires to or must for any reason destroy any documents that were filed under seal, the Clerk of the Court may follow the regular procedures for the destruction of documents that were filed under seal.

14. In the event that Documents or information designated pursuant to this Protective Order are disclosed to any person not authorized by this Protective Order to receive the Documents or information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all Parties, and without prejudice to other rights and remedies of the Disclosing Party, shall prevent further disclosure by it and seek to prevent further disclosure by any other person who was the recipient of such Documents or information. The identification under this section of a Party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

15. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall promptly return or destroy all such material (and any copies that may have been made and may have been distributed) to the Disclosing Party within five (5) business days of receipt of such notice. Until such materials are returned or destroyed, such materials and the information contained therein shall be treated as Confidential Business Information. Nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection made pursuant to this paragraph.

16. If a Party wishes to challenge the designation of any information as Private or Confidential Business Information, the Party shall, in good faith, narrowly limit such efforts solely to those Documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate. The Disclosing Party shall, within ten (10) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally or the Disclosing Party fails to respond within ten (10) business days, the Receiving Party may seek appropriate relief from the Court. The Disclosing Party shall have the burden of proving that the designation is proper. The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

17. A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

18. Within sixty (60) calendar days after the conclusion of this litigation and any time for appeal has expired, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Disclosing Party containing Private or Confidential Business Information shall be destroyed, except that trial counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, deposition transcripts, deposition exhibits, memoranda, notes and other work product materials which contain or refer to Private or Confidential Business Information.

19. Insofar as the provisions of this Protective Order restrict the communication and use of the Documents produced hereunder, this Order shall

10
JOINT STIPULATION RE PROTECTIVE ORDER

continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in open court (unless such exhibits were filed under seal) or (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

20. This Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for modification of or relief from any of its terms.

21. Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties and a hearing, orders such disclosure.

22. Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

23. This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

24. Nothing in this Order shall bar amendment of this Order by stipulation of the Parties or by Order of the Court. Any such amendment made by stipulation of the Parties shall be made in writing.

25. Nothing in this Order shall prevent disclosure beyond the terms of this

1 Order: (i) if the Disclosing Party consents to such disclosure; (ii) if the Court, after
2 notice of all affected persons, allows such disclosure; or (iii) if the party to whom
3 Private or Confidential Business Information has been produced thereafter becomes
4 obligated to disclose the information in response to a lawful subpoena or other legal
5 process, provided that the subpoenaed party gives prompt written notice to counsel
6 for the Disclosing Party and provides counsel for that party at least ten (10) business
7 days from receipt of the written notice to intervene and seek judicial protection from
8 the enforcement of the subpoena and/or entry of an appropriate protective order in
9 the action in which the subpoena was issued. In addition, nothing herein shall be
10 construed as requiring the Receiving Party or anyone else covered by this Stipulation
11 and Order to challenge or appeal any Order requiring production of the material
12 designated as Private or Confidential Business Information covered by this Order,
13 or to subject itself to any penalties for noncompliance with any legal process or
14 Order, or to seek any relief from this Court.
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

26. The terms of this Protective Order shall survive termination of this action.

SO STIPULATED:

Dated: October 14, 2014

LEE TRAN & LIANG LLP

By: _____//_____
Lauren Sliger
601 S. Figueroa Street, Suite 3900
Los Angeles, California 90017
Telephone: (213)612-8900
*Attorneys for Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl*

Dated: October 14, 2014

LAW OFFICES OF EVGENY SWAROVSKI

By: _____//_____
Evgeny Swarovski
P.O. Box 81
Pasadena, CA 91102
Telephone: 626-872-4252
*Attorneys for Defendants Granada Wood & Cabinets, Inc., Granada Kitchen & Floor, LLC, and Tao Zhang*

Dated: October 14, 2014

LAW OFFICES OF RICKY W. POON

By: _____//_____
Ricky W. Poon
2926 W. Valley Blvd.
Alhambra, CA 91803
Tel: 626-282-9797
*Attorneys for Defendant Chase Wood & Cabinets, Inc. and Hui Chen*

IT IS SO ORDERED.

DATED: 1/8/15

*[signature]*

THE HONORABLE ~~OTIS D. WRIGHT II~~
United States ~~District~~ Court Judge
Magistrate
SUZANNE H. SEGAL

13
JOINT STIPULATION RE PROTECTIVE ORDER

## EXHIBIT A
### Nondisclosure Agreement

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Unilin Beheer B.V. et. al. v. NSL Trading Corp., et. al.*, United States District Court for the Central District of California, Civil Action No. CV14-02210-ODW (MRWx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED: _____       _____