LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
enoch.liang@ltlattorneys.com
James M. Lee (Bar No. 192301)
james.lee@ltlattorneys.com
Timothy S. Fox (Bar No. 280918)
timothy.fox@ltlattorneys.com
Lauren Sliger (Bar No. 213880)
lauren.sliger@ltlattorneys.com
Roozbeh Gorgin (Bar No. 276066)
roozbeh.gorgin@ltlattorney.com

601 S. Figueroa Street, Suite 3900
Los Angeles, California 90017
Tel.: 213-612-8900

Attorneys for Plaintiffs
Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILIN BEHEER B.V., and FLOORING INDUSTRIES, LTD. SARL, <br><br> Plaintiffs, <br><br> v. <br><br> NSL TRADING CORPORATION, *et al.* <br><br> Defendant. | Case No.: 14-CV-02210 BRO (SSx) (Discovery Document) <br><br> [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] <br><br> **JOINT STIPULATION RE: PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT GRANADA KITCHEN AND FLOOR, LLC'S FURTHER RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> **Hearing Date:** June 30, 2015 <br> **Time:** 10:00 a.m. <br> **Courtroom:** 23 <br> **Discovery Cut-off:** July 27, 2015 <br> **Pre-Trial Conference:** August 31, 2015 <br> **Trial Date:** October 6, 2015 |

1

NOTICE IS HEREBY GIVEN that on June 30, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard in Department 23 of the above-entitled court, Plaintiffs Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl (collectively "Plaintiffs") by and through their attorneys of record, will, and hereby do, move to compel responses and the production of documents for the discovery requests previously propounded on Granada Kitchen & Floor, LLC ("Defendant") pursuant to FRCP Rule 37 and as fully described in the accompanying Memorandum in support of Plaintiff's Motion To Compel.

## COMPLIANCE WITH LOCAL RULE 37

On May 8, 2015, counsel for Plaintiffs and Defendant met and conferred regarding the topics of this motion.  Pursuant to Local Rule 37-2.2, on May 28, 2015, Plaintiffs sent a Joint Stipulation regarding their upcoming Motion to Compel to Defendant's counsel. Declaration of Roozbeh Gorgin ("Gorgin Decl."), at ¶¶ 1-5. Defendant sent its portion of the Joint Stipulation to Plaintiffs on June 4, 2015.

This Motion is based on this Notice of Motion, Plaintiffs' Memorandum of Points and Authorities, the Declaration and Exhibits, the First Amended Complaint in this case, and any evidence and argument that may be presented to the Court at or before the hearing in this matter.

Dated: June 5, 2015            **LEE TRAN & LIANG LLP**


                               By: */s/ Roozbeh Gorgin*
                                   Roozbeh Gorgin
                                   601 S. Figueroa Street, Suite 3900
                                   Los Angeles, California 90017
                                   Telephone: (213)612-8900
                                   *Attorney for Unilin Beheer B.V. and*
                                   *Flooring Industries, Ltd. Sarl*

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.      PLAINTIFFS' INTRODUCTORY STATEMENT ..................................... 1

II.     DEFENDANT'S INTRODUCTORY STATEMENT ................................... 3

III.    PLAINTIFFS' ARGUMENT ............................................................... 4

        A.      Factual Background .......................................................... 4

        B.      Legal Standard ............................................................... 4

IV.     DEFENDANT'S ARGUMENT ........................................................... 5

        A.      Factual Background .......................................................... 5

        B.      Legal Standard ............................................................... 6

V.      THE PARTIES POSITIONS ON PARTICULAR REQUESTS FOR

        ADMISSION ............................................................................... 6

        A.      Plaintiffs' Requests for Production Nos. 24, 26, and 59 ............ 6

        B.      Plaintiff's Position .......................................................... 8

        C.      Defendant's Position ........................................................ 9

        D.      Plaintiffs' Requests for Production Nos. 4, 5, 28, 33, 50, and 51 ........ 10

        E.      Plaintiffs' Position .......................................................... 13

        F.      Defendant's Position ........................................................ 16

        G.      Plaintiffs' Requests for Production Nos. 13, 14, 57, 58, and 61 ......... 17

        H.      Plaintiffs' Position .......................................................... 19

        I.      Defendant's Position ........................................................ 22

        a.      The Cited Testimony Does Not Support Plaintiffs' Allegations

                Regarding the Location and/or Possession of Documents ................. 22

VI.     PLAINTIFFS' CONCLUSION ........................................................... 26

VII.    DEFENDANT'S CONCLUSION ......................................................... 26

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

*Miller v. IBM,*
      2006 U.S. Dist. LEXIS 27649 (N.D. Cal. 2006)................................5

*United States v. Int'l Union of Petroleum and Industrial Workers, AFL-CIO,*
      870 F.2d 1450 (9th Cir. 1989)..........................................................5

3

4

5

6

7

**Statutes**

FRCP 34...........................................................................................4, 5, 6
FRCP 37................................................................................................5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PLAINTIFFS' INTRODUCTORY STATEMENT

This motion is a renewal of Plaintiffs' Motion to Compel Further Responses to Plaintiffs' Discovery Requests and For Sanctions filed on March 3, 2015. *See* Dkt. 79.  On March 27, 2015, the Court issued a Memorandum Decision and Order denying, without prejudice, Plaintiffs' initial Motion. *See* Dkt. 99.  While the Court denied Plaintiffs' Motion, the Court stated that Plaintiffs should renew their Motion contingent upon Plaintiffs taking "the deposition or depositions of the appropriate custodian of records, to investigate whether or not Defendants are in possession of the responsive documents." *Id*. at 12-13.  The Court also instructed Plaintiffs to specify which documents or records they seek in their renewed motion, explain why the documents are relevant to the claims or defenses in this action, and specify either where the Plaintiffs believe the documents are stored, or when and how Plaintiffs believe the documents were destroyed. *Id*. at 13.  The deposition of Defendant's records custodian took place on April 20, 2015.  The records custodian for Defendant was Mr. Tao Zhang.[1]

Plaintiffs now renew their initial Motion to Compel focusing on three categories of documents.  These are documents relate to Defendant's, (1) sale of laminate flooring, (2) importation of laminate flooring, and (3) the corporate structure, formalities, financial documents, and transactions.  As explained in more detail below, these categories of documents are highly relevant because they will further Plaintiffs' proof that (1) that Defendant has been importing, offering for

---

[1] While the Court indicated in its Order that the depositions were to take place "within ten days of the date of [the] Order," due to a subsequent change of Defendant's counsel, the Court granted the parties an extension to take the depositions by April 20, 2015.  *See* Dkts. 99, 104.  Plaintiffs brought this motion at the earliest possible time, given the delays in taking the deposition, delays in obtaining an official deposition transcripts, the meet and confer requirements of this District prior to filing this motion, and Defendants' promise to produce the requested documents without this motion.

sale, and selling unlicensed and infringing laminate flooring through various companies since at least 2008, (2) Defendant has done so despite being fully aware of Plaintiffs' patent rights, and (3) Defendant has been set up as an alter ego of Mr. Zhang to import and sell unlicensed laminate flooring, the profits of which were funneled to Mr. Zhang and his family members.  The first two issues are important for showing that Defendant has knowingly and intentionally imported and sold unlicensed and infringing laminate flooring in order to prove liability and damages in this patent litigation.  The third issue relates to Plaintiffs' ability to fully recover damages from the now defunct co-Defendants Granada Wood & Cabinets, Inc. ("GWC") and NSL Trading Corp. ("NSL") by piercing the corporate veil. Plaintiffs currently possess some evidence showing the connections between Mr. Zhang's various corporations and have deposition testimony indicating that Mr. Zhang's companies were set up as alter egos.   However, Plaintiffs believe there are substantially more documents evidencing that the various companies were set up by Mr. Zhang and merely used as alter egos to sell unlicensed and infringing laminate flooring.

Further reinforcing Plaintiffs' contention that additional documents exist regarding the above topics, during the deposition of Defendant's custodian of records, Mr. Tao Zhang, revealed that further records related to the above topics exist and have not been produced.  *See e.g.*, Exhibit A, Deposition of GKF Custodian of Records, at 112:11-24; 47:6-10; 49:17-23; 54:7-17; 57:17-25. Further telling that Defendants have more documents is the fact that Defendant produced some additional documents related to this litigation on May 20, 2015, despite having knowledge about these documents and only after being repeatedly pressed by Plaintiffs to produce these.  Gorgin Decl., at ¶ 4.  Defendants improperly limited its production to documents from the 2014-2015 timeframe, when the proper period is 2008-2015.   The recent, limited production should leave no doubt in the Court's mind that Defendants will not voluntarily produce

1  documents related to this litigation which are in their possession and they have

2  known about since the beginning of this litigation unless forced.

3       Despite these admissions and delayed productions, to date, Defendant still

4  has not made any effort to produce a full set of responsive documents.

5  **II.     DEFENDANT'S INTRODUCTORY STATEMENT**

6       This motion is a renewal of Plaintiffs' Motion to Compel Further Responses

7  to Plaintiffs' Discovery Requests and For Sanctions filed on March 3, 2015.  *See*

8  Dkt. 79.  This Court denied that motion without prejudice on March 27, 2015 and

9  instructed Plaintiffs to specify which documents or records they seek in their

10 renewed motion, explain why the documents are relevant to the claims or defenses

11 in this action, and specify either where the Plaintiffs believe the documents are

12 stored, or when and how Plaintiffs believe the documents were destroyed.  Dkt.

13 No. 99 at 13.

14      The Plaintiffs are seeking the production of documents that Defendant

15 Granada Kitchen & Flooring LLC ("GKF") have already produced or are in the

16 process of locating.  Although Plaintiffs' attempt to draw connections between

17 GKF and NSL Trading Corporation, Inc. ("NSL"), it is clear from NSL's corporate

18 formation documents and declarations filed in a previous case between Granada

19 Wood and Cabinets, Inc. ("GWC") and Hui Chen ("Mrs. Chen") that NSL is a

20 separate entity that is not under common ownership with GKF.  Declaration of

21 Rasheed McWilliams (McWilliams Declaration), ¶ 2.  To date, GKF has produced

22 over 1600 pages of documents, including sales invoices, bills of lading, import

23 records, financial documents, lease agreements, a letter from U.S. Customs,

24 documents from prior litigations and corporate organizational documents.

25 McWilliams Declaration, ¶ 3.

26      Plaintiffs also draw unsupported conclusions from the testimony of GKF's

27 corporate designee, Tao Zhang ("Mr. Zhang"), regarding the existence of

28 documents and GKF's efforts to comply with discovery.  GKF's former counsel

1  during the bulk of this lawsuit, Evgeny Swarovski, Esq., was not a federal court or

2  patent lawyer and did not explain to GKF its responsibilities in the discovery

3  process.  Now that GKF understands those duties, it has been searching for any

4  additional documents.  For example, GKF produced a large volume of sales

5  invoices on May 20, 2015.  In addition, counsel for GKF has spoken with both its

6  accountants and former attorney who are gathering documents for production.

7  Plaintiffs' attempt to use the May 20, 2015 production against GKF, however, as

8  Mr. Zhang testified they previously provided their attorney with all of the

9  documents that he asked them to provide.  GKF limited its supplemental

10 production to the 2014-2015 timeframe because the 2013 records for all of these

11 categories were previously produced and GKF began operations in 2013.   The

12 recent productions also show that GKF will produce responsive documents as long

13 as it is properly guided on the location and production of those documents.

14 **III.**   **PLAINTIFFS' ARGUMENT**

15     **A.**   **Factual Background**

16     Plaintiffs filed this suit against Defendant on March 24, 2014. Dkt. 1.  On

17 March 3, 2015, Plaintiffs' filed Motion to Compel Further Responses to Plaintiffs'

18 Discovery Requests and For Sanctions.  See Dkt. 79.  On March 27, 2015, the

19 Court issues a Memorandum Decision and Order denying, without prejudice,

20 Plaintiffs' initial Motion, but allowing Plaintiffs to renew their motion pending

21 further discovery.  *See* Dkt. 99.  Plaintiffs now renew their Motion.

22     **B.**   **Legal Standard**

23     Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure ("FRCP"),

24 "any party may serve on any other party a request to produce and permit the party

25 making the request . . . to inspect and copy any designated documents . . . which

26 are in the possession, custody or control of the party upon whom the request is

27 served." FRCP 34(a)(1). Where a responding party fails to make the required

28 disclosures, the propounding party may move to compel the production of

1  documents. FRCP 37(a). For the purposes of determining whether a party has
2  failed to respond to requests for inspection under FRCP 34, "an evasive or
3  incomplete disclosure, answer, or response is to be treated as a failure to disclose,
4  answer, or respond." FRCP 37(a)(3).

5       The party to whom an inspection demand is issued must produce all
6  documents which are in their "possession, custody or control."  FRCP 34(a).
7  "Control is defined as the legal right to obtain documents upon demand." *United*
8  *States v. Int'l Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d
9  1450, 1452 (9th Cir. 1989). "Federal courts construe 'control' very broadly under
10  FRCP 34." *Miller v. IBM*, 2006 U.S. Dist. LEXIS 27649, *9 (N.D. Cal. 2006).

11  **IV.    DEFENDANT'S ARGUMENT**

12       **A.    Factual Background**

13       Plaintiffs filed this suit against Defendant on March 24, 2014. Dkt. No. 1.  The
14  discovery at issue in this Motion was served on October 17, 2014.  Dkt. No. 80.  To
15  date, Defendant has produced over 1600 pages of documents, including sales
16  invoices, bills of lading, import records, financial documents, lease agreements, a
17  letter from U.S. Customs, documents from prior litigations and corporate
18  organizational documents.  McWilliams Declaration, ¶ 3.  On March 3, 2015,
19  Plaintiffs' filed a Motion to Compel Further Responses to Plaintiffs' Discovery
20  Requests and For Sanctions.  Dkt. No. 79.  On March 27, 2015, this Court issued an
21  Order denying without prejudice Plaintiffs' motions with specific instruction for
22  Plaintiffs to follow prior to any re-filing of their motions to compel.  Dkt. No. 99,
23  pp. 12-13.  The Court's instructions included the following:  (1) Take the deposition
24  of the relevant custodian of records; (2) narrowly identify the specific documents
25  and information sought to be compelled; (3) explain to the Court the relevance of
26  the specific documents and information to the claims and/or defenses asserted in this
27  matter; and (4) identify either where Plaintiff believes the documents are stored or
28  when and how Plaintiffs believe the documents were destroyed. *Id.*at 13.

## B.   Legal Standard

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure ("FRCP"), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." FRCP 34(a)(1).  The party to whom an inspection demand is issued must produce all documents which are in their "possession, custody or control."  FRCP 34(a). Nevertheless, as recognized by the Court in its previous Order on these motions to compel, "a court cannot order a party to produce documents that do not exist." Dkt. No. 99, pp. 10.  This Court also recognized that "the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld."  *Id.*  The Plaintiff fails to meet this standard in its motion to compel the production of documents by GWC.

## V.   THE PARTIES POSITIONS ON PARTICULAR REQUESTS FOR ADMISSION

### A.   Plaintiffs' Requests for Production Nos. 24, 26, and 59

Plaintiffs' Requests for Production ("RFPs") 24, 26, and 59 are directed to Defendant's revenues earned, customers, invoices, and financials.

**REQUEST FOR PRODUCTION NO. 24:**
All DOCUMENTS and THINGS, including COMMUNICATIONS, RELATING to any revenues earned by YOU from sales of the ACCUSED PRODUCTS from March 24, 2008 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, Defendant has produced all sales invoices.

## REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS and THINGS, including COMMUNICATIONS that REFER or RELATE to any list or description of YOUR actual or intended customers, or categories of customers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents that are responsive to this request once the scope is limited to reasonable.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, Defendant has produced non-privileged documents that are responsive to this request (sales invoices).

## REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS and THINGS, including COMMUNICATIONS, RELATING to or REFLECTING all of YOUR financials on a quarterly basis from March 24, 2008 through the present, including but not limited to income statements, balance sheets, and cash flow statements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not

7

1
2
3
4

relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, Defendant will not produce any records until the request is narrowed.

5
6

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

7
8
9
10
11

Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant has asked its accountant to generate financial reports.

12
13

## B.    **Plaintiff's Position**

14
15
16

During the deposition of Defendant's custodian of records, designated as Tao Zhang, Mr. Zhang admitted and confirmed what Plaintiffs has suspected all along-- that further records related to Defendant's revenues earned, customers, invoices, and financials exist and have not been produced.

17
18
19
20
21
22
23
24
25
26

To date, Defendant has produced some invoices from sales of laminate flooring and one corporate balance sheet for the period ending in December 2013. However, during the April 20, 2015 deposition, Mr. Zhang revealed that further records relating to sales of laminate flooring exist.  For example, Mr. Zhang admitted that Defendant has been creating balance sheets and tracking sales information since 2013 to present.  These documents are created through a computer software program and Defendant has been saving this information since at least the formation of the corporation in 2013.  The following exchanges at Mr. Zhang's deposition indicates this:

27
28

> **Q**. Does Granada Kitchen & Flooring create any corporate balance sheets or any other documents indicating the financials of the company?
> **A**. Yes.

8

1
**Q**. How long has Granada Kitchen & Flooring been creating these balance sheets?

2
　　　　**A**. From 2013 to current.

3
　　　　**Q**. And where are they stored?  In the Sag- -- Saga software?[2]

4
　　　　**A**. Just in the -- the Sag.  You can check it out. That's automatic. They add everything automatically.

5
　　　　**Q**. And who maintains these documents?  Who -- who creates them?

6
　　　　**A**. Just me.

7
Exhibit A, at 112:11-24; *see also id.*, at 49:17-23; 47:6-10; 54:7-17; 57:17-25.

8
　　　　Despite having possession and knowledge of these sales documents,

9
customer lists, and other relevant information repeatedly asked for by Plaintiffs

10
throughout the discovery process, Defendant has not produced the bulk of these

11
records.

12
　　　　In light of the evidence and admissions, the Court should compel Defendant

13
to produce not only all the software files which contain the sales and customer

14
data, but to the extent Defendant has not done so, order Defendant to produce other

15
paper or physical documents and balance sheets showing revenues earned from the

16
sale of laminate flooring, including corporate tax returns and other related

17
documents.

18
　　　　**C.**　　**Defendant's Position**

19
　　　　As relayed to counsel for Plaintiff at the meet and confer, Defendant is

20
gathering additional financial documents, including balance sheets and other

21
accounting documents kept by GKF.  In addition, GKF's prior counsel did not

22
have a full understanding of patent law or patent damages, therefore GKF did not

23
have a full understanding of the documents requested by Plaintiff.  McWilliams

24

25
[2] Plaintiffs believe what is referred to as the "Saga software" is actually a financial

26
accounting program from a company called Sage, who formerly made Peach Tree accounting software. Hui Chen, a former business partner of Mr. Zhang indicated

27
that this was the software used by Mr. Zhang to keep track of corporate finances while she was his partner running other companies under the "Granada" umbrella.

28
*See* Exhibit B, Deposition of Hui Chen, at 31:2-4.

Declaration, ¶ 4.  To date, Defendant has produced sales invoices from 2013- 2014 and continues to search for 2015 documents.  McWilliams Declaration, ¶ 5.  These sales invoices are sufficient to both calculate revenue and to identify each of the customers of GKF, therefore the motion to compel as to request for production nos. 24 and 26 is moot.

Regarding request for production no. 59, GKF has produced the 2013 financials and its accountants are gathering the 2014-2015 financials.  McWilliams Declaration, ¶ 6.  Defendant will produce all financial documents in its possession, custody or control.

### D.   Plaintiffs' Requests for Production Nos. 4, 5, 28, 33, 50, and 51

Plaintiffs' RFPs 4, 5, 28, 33, 50, and 51 are directed to Defendant's importation of laminate flooring.

**REQUEST FOR PRODUCTION NO. 4:**
All DOCUMENTS and THINGS, including COMMUNICATIONS, RELATING to any purchasing contracts YOU entered into for the ACCUSED PRODUCTS from March 24, 2008 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, Defendant has produced the documents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR PRODUCTION NO. 5:**
All DOCUMENTS and THINGS, including COMMUNICATIONS, that reflect or REFER or RELATE to all volumes of the ACCUSED PRODUCTS purchased by YOU from March 24, 2008 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, Defendant has produced all available documents.

**REQUEST FOR PRODUCTION NO. 28:**
All DOCUMENTS and THINGS, including COMMUNICATIONS sufficient to identify all of YOUR suppliers and manufacturers, including the names and address of those suppliers and manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not

MOTION TO COMPEL

relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant has produced relevant, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 33:**
All DOCUMENTS and THINGS, including COMMUNICATIONS that reflect or REFER or RELATE to all import ledgers for ACCUSED PRODUCTS received by YOU from March 24, 2008 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, Defendant does not [sic] maintarte ledgers.

**REQUEST FOR PRODUCTION NO. 50:**
All DOCUMENTS and THINGS, including COMMUNICATIONS, RELATING to "Contracts with suppliers, licensing agreements," as that term is used in YOUR initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to

12

1
2

the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, following diligent search, Defendant does not have any documents responsive to the request as they never existed.

3

**REQUEST FOR PRODUCTION NO. 51:**

4
5

All DOCUMENTS and THINGS RELATING to any COMMUNICATIONS between YOU and United States Customs and Border Protection.

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

7
8
9
10
11

Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, Defendant will not respond until the scope is narrowed.

12

**E.    Plaintiffs' Position**

13

During the deposition of Defendant's custodian of records, Mr. Zhang

14

admitted and confirmed that Defendant has in its possession further records related

15

to Defendant's importation of laminate flooring which have not been produced to

16

Plaintiffs.  For example, Mr. Zhang admitted that Defendant has in its possession

17

documents received from Customs and Border Protection that Defendant has not

18

produced:

19
20
21
22

**Q**.  Do you have any documents related to the importation of laminate flooring from 2013? For example, this document, which I'll actually put into exhibit, Exhibit Number 4.  For the record, it seems to be a Customs and Border Protection document to Granada Kitchen & Flooring regarding the seizure of laminate flooring. (Deposition Exhibit 4 was marked for identification by the deposition officer.)

23

Exhibit A, at 63:8-16.

24
25
26
27
28

**Q**. So approximately how many other documents similar to Exhibit 4 did customs send you?
**A**. This might be the first one they sent me, should be like five month ago.  And then there are two or three more letters because, on the envelope is -- I know from that, I know that it came from them, but I didn't find them.
**Q**. Are those letters in your possession?

13

1

**A.** I still have, like, two or three letters.  If I go look for them, I think I should be able to find them.

2

*Id.*, at 65:2-11.

3

4

**Q.** So does Granada Kitchen & Flooring have import -- have any records related to these importations listed on this page?

5

**A.**  The same -- same sentence.  Granada is a small company.

6

We don't have that much money to hire professional people to keep the documents.  There's a cabinet that has different levels behind my desk, and there are documents there.

7

8

*Id.*, at 94:4-11; *see also id.*, at 97:20-98:13.

9

Despite this testimony and Mr. Zhang's agreement to locate them, these

10

letters from Customs have not yet been produced.  Mr. Zhang also admitted that

11

Defendant has documents and records regarding importation of laminate flooring

12

in its corporate email accounts that he has not produced or even attempted to

13

search for despite being repeatedly asked for by Plaintiffs in their discovery

14

requests:

15

**Q.** Okay.  Let's move on. So you mentioned before that Granada Kitchen & Flooring imports laminate flooring; is that true?

16

**A.** Yes, so this is the example I import.

17

**Q.** Okay.  And does Granada Kitchen & Flooring maintain or keep import ledgers related to the imported flooring?

18

**A.** We try our best to keep them.  We don't have that large amount of money or resources to keep all the records.

19

**Q.** And are these -- these records are kept in the Saga software?

20

**A.** Not import records.

**Q.** So where are the import records maintained?

21

**A.** The customs.  The customs would have the most complete information.

22

**Q.** But do you -- does Granada Kitchen & Flooring maintain any records regarding the importation?

23

**A.** They're in the emails.  You have to look them up one by one.  It's probably going to take half a month to one month to finish checking everything.

24

25

**Q.** And is that the -- the emails that you mentioned -- the email address that you mentioned before, is that the emails that they're in?

26

**A.** Yes.

27

28

**Q**. And have you checked all those records and produced those to plaintiffs in this case?

**A**. Looked them up and then give to the plaintiff? No one asked me for that.

*Id*., at 79:2-80:5.

Further, Mr. Zhang admitted that Defendant has in his possession documents related to importation security filings.  Importation security filing documents are required by U.S. Customs for laminate flooring products imported from overseas to clear customs and enter into the United States.  These documents contain information such as who the buyer and seller of the goods are, the importer of record number / FTZ applicant identification number, the consignee number(s), the manufacturer (or supplier), the "ship to" party who will receive the goods, the country of origin of the goods, and the Commodity Harmonized Tariff Schedule of the United States (HTSUS) number.  *See* U.S. Customs and Border Protection, Importer Security Filing and Additional Carrier Requirements, http://www.cbp.gov/sites/default/files/documents/import_sf_carry_3.pdf (last visited May 21, 2015)  This information falls under Plaintiffs' RFP 51, which asks for documents related to U.S. Customs and importation of laminate flooring. These documents are highly relevant in this litigation because it allows Plaintiff to compare volumes of imported laminate flooring, determine the manufacturers from which Defendant has imported and determine whether those manufacturers are licensed or not.  To date, Plaintiffs have not received any documents of this nature despite Mr. Zhang's admission that these documents exist and are in Defendant's possession:

**Q**. So, is it correct that Becky prepares the importation security filings for Granada Kitchen & Flooring?

**A**. She just -- she is in charge of clearings and then gets her money for that, and then also get the products from the port to me. So, for the details, which one -- I mean, she just earns her money by giving me the products from the port, the containers from the port.

**Q**. So, other than the products, does Becky give you any documentation indicating that the products have cleared customs, or –

1      **A**. What's that?

       **Q**. So, does Becky give you any documentation indicating that

2      the products have cleared from customs?

3      **A**. When she charges me for money, she would need to give

       me, like, a statement saying that -- where she charged the money and

4      what's that for.  When I don't understand, I would ask her and -- and

5      writing Chinese.

       **Q**. And do you retain these documents that she gives you?

6      **A**. Basically, yes.

7      **Q**. And do you have copies of them at Granada Kitchen &

       Flooring?

8      **A**. I can find them.

9  Exhibit A, at 102:21-103:20.

10        Given Mr. Zhang's admissions and the highly relevant nature of these

11  documents, the Court should compel Defendant to produce all of the above

12  mentioned categories of documents and to the extent Defendant has not done so,

13  order Defendant to produce any other paper or physical documents it has in its

14  possession regarding the importation of laminate flooring.

15        **F.    Defendant's Position**

16        GKF continues to search for any documents responsive to these requests for

17  production and will produce any documents in its possession, custody or control.

18  At the deposition of GKF, a letter from U.S. Customs was produced.  As stated by

19  Mr. Zhang at the deposition of GKF, the corporation continues to search for any

20  other letters from U.S. Customs and any documents sent by the freight forwarder,

21  Becky, to GKF regarding U.S. Customs.  McWilliams Declaration, Ex. A, 65:2-

22  66:13.  Finally, Mr. Zhang's testimony cited by Plaintiffs has been misconstrued.

23  His testimony is that Becky provides him with a statement (invoice ) to justify the

24  money that he is paying her, but he does not answer any question regarding the

25  import security filings because he does not know.  McWilliams Declaration, Ex. A,

26  102:21-104:13.  He explained the document that Becky gives to him on page 104

27  of his testimony, but counsel for Plaintiff did not ask any follow up questions

28  regarding the types of documents that he names.

1

2
**Q**. So, you said that Becky, she gives you, sort of, a document –
or document related to the importation.  Can you briefly explain what
that document contains?

3

4
**A**. The clearing documents, and the documents related to
shipping the products from the port to my company's warehouse, and
the procedure-related documents.

5   McWilliams Declaration, Ex. A, 104:6-13.

6

7

8
GKF will produce any documents in its possession, custody or control that
are responsive to these requests for production to the extent the documents have
not been previously produced.

9   **G.     Plaintiffs' Requests for Production Nos. 13, 14, 57, 58, and 61**

10

11
Plaintiffs' RFPs 13, 14, 57, 58, and 61 are directed to Defendant's corporate
structure, formalities, and transactions.

12

13

14
**REQUEST FOR PRODUCTION NO. 13:**
All organizational charts or other DOCUMENTS that describe YOUR
organizational structure, including YOUR employees and their
responsibility as it relates to the management, marketing, purchasing,
distribution, and sales of the ACCUSED PRODUCTS.

15

16

17

18

19

20

21
**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**
Defendant objects to this request as overly broad, unduly burdensome,
vague, ambiguous, and not reasonably specific. Defendant objects to
the extent the request seeks the production of documents that are not
relevant or likely to lead to the discovery of admissible evidence.
Defendant further objects to the extent that this request calls for the
production of documents subject to attorney- client privilege and
attorney work-product protection. Defendant objects to this request to
the extent that it calls for the production of documents within the
control of third parties.  Subject to and without waiving the foregoing
objections, Defendant will produce relevant, non-privileged
documents that are responsive to this request on a rolling basis as they
become available.

22

23

24

25

26

27

28
**SUPPLEMENTAL RESPONSE TO REQUEST FOR
PRODUCTION NO. 13:**
Defendant objects to this request as overly broad, unduly burdensome,
vague, ambiguous, and not reasonably specific. Defendant objects to
the extent the request seeks the production of documents that are not
relevant or likely to lead to the discovery of admissible evidence.
Defendant further objects to the extent that this request calls for the
production of documents subject to attorney- client privilege and
attorney work-product protection.  Defendant objects to this request to
the extent that it calls for the production of documents within the
control of third parties.  Subject to and without waiving the foregoing
objections, Defendant will produce relevant, non-privileged
documents that are responsive to this request (utilities bills).

17

**REQUEST FOR PRODUCTION NO. 14:**
DOCUMENTS and THINGS, including COMMUNICATIONS, sufficient to identify all of YOUR directors and executive officers from March 24, 2008 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, following diligent search, Defendant does not have any documents responsive to the request. But articles will be provided when restored.

**REQUEST FOR PRODUCTION NO. 57:**
All DOCUMENTS and THINGS, including COMMUNICATIONS, RELATING to any financial or corporation transactions between YOU and any of YOUR shareholders, officers, or directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, Defendant will not produce any documents until the scope is narrowed.

**REQUEST FOR PRODUCTION NO. 58:**
All DOCUMENTS and THINGS, including COMMUNICATIONS, RELATING to any steps taken to seek or give approval for any transactions between YOU and any of YOUR shareholders, officers, or directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection.  Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties.  Subject to and without waiving the foregoing objections, request makes no sense.  Please clarify.

**REQUEST FOR PRODUCTION NO. 61:**

18

All DOCUMENTS and THINGS, including COMMUNICATIONS, RELATING to or REFLECTING any corporate assets owned by YOU at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**
Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendant objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request calls for the production of documents subject to attorney- client privilege and attorney work-product protection. Defendant objects to this request to the Extent that it calls for the production of documents within the control of third parties. Subject to and without waiving the foregoing objections, following diligent search, Defendant does not have any documents responsive to the request as they never existed.

## H.    Plaintiffs' Position

Obtaining documents related to these topics is important for Plaintiffs' ability to fully recover damages and to tie the various Defendant back to Mr. Zhang, who merely uses these corporations as shells to sell unlicensed and infringing laminate flooring.

Defendant was established in November 2012. *See* Exhibit G. The Registered Agent and Managing Partner of Defendant is Mr. Zhang. *Id*. The registered address of Defendant is 1400 East Cerritos Avenue, Anaheim, CA 92805. This address is the same as the address for a related, now dissolved company called Granada Wood Industrial ("GWI"), for which Mr. Zhang is also the Registered Agent. *Id*. Mr. Zhang is also the President of another related company and co-Defendant GWC. *See* Exhibit F. GWC is also be related to NSL. *See* Exhibit B, at 13:19-14:10. Co-Defendant GWC is the lessee for the registered address of Defendant GKF (at 1400 East Cerritos Avenue in Anaheim). *See* Exhibit I. In addition to having the same addresses and ownership, all these entities share the same business phone numbers, fax numbers, and websites. The chart below shows the relationships uncovered by Plaintiffs between Mr. Zhang, Defendant, GWC, and GWI.

|  | DEFENDANT | GWC | GWI |
|---|---|---|---|
| **Agent** | Tao Zhang | Tao Zhang | Tao Zhang |
| **Incorporator** | Tao Zhang | Hui Chen | Tao Zhang, Bo Zhang |

19

| | | | |
|---|---|---|---|
| **Directors/ Officers** | Tao Zhang, Bo Zhang | Tao Zhang, Bo Zhang | Tao Zhang, Bo Zhang, Hui Chen |
| **Website Address** | cabinetorangecounty.com | granadawoodcabinets.com | granadawood.com |
| **Website Status** | Operating | Not operating (NO longer available on Internet Archive) | Not operating |
| **Address** | 1400 E. Cerritos Ave Anaheim, CA 92805 | 2240 E. Winston Road, Anaheim, CA 92806 | **[2009-2012]:** 2240 E Winston Road, Anaheim, CA 92806<br><br>**[2012-2015]:** 1400 E. Cerritos Ave. Anaheim, CA 92806 |
| **Phone** | <u>714-772-3888</u> | <u>714-772-3888</u> | <u>714-772-3888</u> |
| **Fax** | 714-772-6888 | 714-772-6888 | 714-772-6888 (used this number in 2009) |
| **E-mail** | info@granada3 @yahoo.com | sales@granadawood.com | sales@granadawood.com |
| **Note** | | Note on the bottom of the website indicates "Copyright: Granada Wood Industrial Inc. All rights reserved" | Note on the bottom of the website from 2013-2015 indicates "Copyright: Granada Kitchen & Floor Inc. All rights reserved" |

Plaintiffs believe that further documents exist relating all these entities and are in Defendant's possession.   During the deposition of Hui Chen, a former business partner of Mr. Zhang's, who helped Mr. Zhang run GWC and NSL, Ms. Chen testified that at least GWC and NSL were related.  *See* Exhibit B, at 13:19-14:10; 14:22-15:9; 15:13-24.  Moreover, Ms. Chen testified that these companies were used by Mr. Zhang merely as shells to funnel profits from the sales of infringing laminate flooring back to Mr. Zhang himself:

> **Q**. Do you know if there was a company credit card or a credit card issued in the name of NSL Trading that the individuals could use?
>
> **A**. There should be like a corporate credit card of NSL Trading, but individuals are not allowed to use it.  I know the Mercedes-Benz that Bo Zhang is driving right now is paid by the credit card of -- it's paid by NSL Trading's account or company's account. Everybody knows about that.

20

**Q**. So are you aware of any other times that the NSL Trading credit card or just NSL Trading assets were used to pay for the personal expenses of the Zhang brothers?

**A**. Yes.  Bo Zhang always used that.  Like meals, having meals, and buying items and like buying cars, all this. Vacations, cigarettes.

**Q**. And this was the -- he would use the account --the Wells Fargo account or the Bank of America in NSL Trading's name to make these purchases?

**A**. Wells Fargo.

*Id*., at 47:17-48:12.

Furthermore, Mr. Zhang indicated that Defendant has in its possession documents related to the corporate structure, formation, and transactions going back to at least 2004:

**Q**. So, in the normal course of business, how -- you know, how long are business documents retained?

**A**. It's been like five or six years.  Whatever the documents that we have, we just keep it there because we don't have a lot of people to -- to manage that, and just keep that -- keep the documents like forever.

**Q**. So, you mentioned five or six years.  But Granada Kitchen & Flooring has been around since 2013, you said?

**A**. So, what's the relationship between five or six years to 2013?  So, what's the question?

**Q**. I just mentioned that you said documents are kept -- Granada Kitchen & Flooring documents are kept for five or six years; however, Granada Kitchen & Flooring has been around since 2013. And I just didn't understand why -- why five or six years when the -- when the company hasn't been around that long.

**A**. The earliest document that I have dated back in 2004, the earliest company formation or registration documents.  That's 11 years ago.  For 11 years, I have that documents because now we have the lawsuits, and also the separation or dissolution, and I kept the doc -- what kind of documents I have kept and what kind of documents I lost, I don't know, because I've been in  China for so many years. So just -- you can just ask me directly what kind of documents you need and then I'll let you know if I have it or not.  So I don't know what you are looking for if all the documents need to be kept or -- I mean, for the earliest documents, because I don't speak English, whichever documents look very formal and important, I would keep them.

Exhibit A, at 56:9-57:17.

Moreover, Ms. Chen indicated that Mr. Zhang and/or his family members have further documents outlining the relationships between the various co-Defendants in this case.

> Q. Do you know what other -- beside financials, what other corporate records NSL Trading would have kept?
>
> A. I don't understand your question.
>
> Q. So did they keep, you know, organizational charts, minutes from meetings, anything else that relates, sort of, to the corporate structure of NSL Trading?
>
> A. They're in Bo Zhang's hand.
>
> Q. So when you say 'They're in Bo Zhang's hand,' you're saying records would exist and Bo would have copies of them? Is that what you mean?
>
> A. Right. All the originals and those of the copies, he has everything and we don't have anything.
>
> Q. And when you say that Bo has these documents, how do you know that he has these documents?
>
> A. I saw he took them.

Exhibit B, at 35:3-20.

Given the evidence, the Court should compel Defendant to produce all documents in its possession related to corporate structure, formalities, and transactions, including bank records, transactions logs, documents showing corporate structure, organizational charts, and transactions. Defendants' repeated denials in its RFP responses that it possessed documents and then subsequent admission that it has the very same documents during deposition, should be taken into account when ordering the scope and timing of production for the requested documents.

## I.    Defendant's Position

### a.    The Cited Testimony Does Not Support Plaintiffs' Allegations Regarding the Location and/or Possession of Documents

GKF and NSL are not related companies. Mrs. Chen's testimony in this case is directly contradicted by declarations from the sole shareholder in NSL, the

1  incorporating attorney for NSL and Mrs. Chen's own declaration filed in the

2  Orange County Superior Court case by Defendant Granada Wood & Cabinets, Inc.

3  ("GWF") against Mrs. Chen.   McWilliams Declaration, Ex. B [Declaration of Hui

4  Chen ("Chen Declaration")]; Ex. C [Verified Complaint filed by Defendant GWC];

5  Ex. D [Declaration of Jie Ning ("Ning Declaration")], Ex. E [Declaration of Frank

6  Kong ("Kong Declaration").  In that case, Mrs. Chen admitted that she was the

7  CEO of NSL Trading, which is solely owned by Jie Ning, a Chinese national.

8  McWilliams Declaration, Ex. B, ¶ 4; McWilliams Declaration, Ex. D, ¶ 2.   The

9  Ning Declaration also explicitly states that no ownership interests in NSL were

10  ever sold or transferred to Mr. Zhang and that neither Mr. Zhang nor his brother,

11  Bo Zhang, were ever authorized to act on behalf of NSL.  McWilliams

12  Declaration, Ex. D, ¶ 4-5.  The evidence shows that NSL and GKF are all distinct

13  corporate entities.

14       Further, Mrs. Chen's testimony on pages 47-48 of her deposition are also

15  contradicted by the evidence and do not support Plaintiffs' assertions regarding

16  GKF.  First, the questions and answer were directed at NSL, not GKF.

17  McWilliams Declaration, Ex. F [Deposition of Hui Chen], 47:17-48:12.  Second,

18  the answers refer to items allegedly purchased by Bo Zhang on NSL credit cards

19  and does not refer to any transactions involving GKF.  *Id.*  Finally, Mr. Zhang

20  could not have been merely using the corporations as "shells to funnel profits from

21  the sales of infringing laminate flooring back to Mr. Zhang himself" because Mrs.

22  Chen testified that laminate flooring did not make any profits for NSL or anyone

23  else.  McWilliams Declaration, Ex. F, 29:15-21.

24       Additionally, Mr. Zhang never testified that he had documents that dated

25  back to 2004.  He was confused based on the language in the questions, but he told

26  counsel to ask him about specific documents and he would answer, but counsel

27  never followed up to ask any questions relating to the requests that Plaintiffs seek

28

23

to compel in this section of the stipulation.  The exchange between counsel and Mr. Zhang is highlighted below:

> **Q**. I just mentioned that you said documents are kept -- Granada Kitchen & Flooring documents are kept for five or six years; however, Granada Kitchen & Flooring has been around since 2013. And I just didn't understand why -- why five or six years when the -- when the company hasn't been around that long.
>
> **A**. The earliest document that I have dated back in 2004, the earliest company formation or registration documents.  That's 11 years ago.  For 11 years, I have that documents because now we have the lawsuits, and also the separation or dissolution, and I kept the doc -- *what kind of documents I have kept and what kind of documents I lost, I don't know, because I've been in  China for so many years. So just -- you can just ask me directly what kind of documents you need and then I'll let you know if I have it or not.*  So I don't know what you are looking for if all the documents need to be kept or -- I mean, for the earliest documents, because I don't speak English, whichever documents look very formal and important, I would keep them.

McWilliams Declaration, Ex. A, 56:9-57:16 (emphasis added).

Finally, Mrs. Chen's testimony on page 35 of her deposition relates to the organizational and other corporate documents of NSL, not GKF as shown clearly by the question and answer repeated below:

> **Q**. Do you know what other -- beside financials, what other corporate records *NSL Trading* would have kept?
>
> **A**. I don't understand your question.
>
> **Q**. So did they keep, you know, organizational charts, minutes from meetings, anything else that relates, sort of, to the corporate structure of *NSL Trading*?
>
> **A**. They're in Bo Zhang's hand.
>
> **Q**. So when you say 'They're in Bo Zhang's hand,' you're saying records would exist and Bo would have copies of them?  Is that what you mean?
>
> **A**. Right. All the originals and those of the copies, he has everything and we don't have anything.

1     **Q**. And when you say that Bo has these documents, how do you
      know that he has these documents?

2     **A**. I saw he took them.

3     McWilliams Declaration, Ex. F, 35:3-20.

4           As shown, GKF has committed to searching for and producing all

5     responsive documents in its possession, custody and control.  Due to the state of

6     record keeping at GKF, this has proven to be more difficult than originally thought,

7     but any documents located will be produced.

8     / / /

9     / / /

10    / / /

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL

1  **VI.    PLAINTIFFS' CONCLUSION**

2        For the foregoing reasons, the Court should grant Plaintiffs' renewed Motion

3  to Compel.

4  **VII.   DEFENDANT'S CONCLUSION**

5        For all of the foregoing reasons, the Court should deny Plaintiffs' renewed

6  Motion to Compel because Defendant continues to search for documents and

7  produce them when located as promised during the meet and confer process.

8

   Dated: June 5, 2015                    LEE TRAN & LIANG LLP
9

10

11                                        By: */s/ Roozbeh Gorgin*
                                              Roozbeh Gorgin
12                                            601 S. Figueroa Street, Suite 3900
                                              Los Angeles, California 90017
13                                            Telephone: (213)612-8900
                                              *Attorneys for Unilin Beheer B.V.*
14                                            *and Flooring Industries, Ltd. Sarl*

15

16
   Dated: June 5, 2015                    COTMAN IP LAW GROUP, PLC
17

18

19                                        By: */s/ Rasheed M. McWilliams*
                                              Rasheed McWilliams
20                                            35 Hugus Alley
                                              Suite 210
21                                            Pasadena, California 91103
                                              Telephone: (626) 249-5302
22                                            *Attorneys for Granada Kitchen &*
                                              *Floor, LLC, Granada Wood &*
23                                            *Cabinets, Inc., and Tao Zhang*

24

25

26

27

28

                                         26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Certification of Authorization to File on Behalf of All Parties**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document certifies that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 5, 2015                         LEE TRAN & LIANG LLP


By: */s/ Roozbeh Gorgin*
Roozbeh Gorgin
601 S. Figueroa Street, Suite 3900
Los Angeles, California 90017
Telephone: (213)612-8900
*Attorneys for Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl*

27