**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNILIN BEHEER B.V., et al., <br><br>    Plaintiffs, <br><br>  v. <br><br> NSL TRADING CORP., et al., <br><br>    Defendants. | Case No. CV 14-2210 BRO (SSx) <br><br>**MEMORANDUM DECISION AND ORDER:** <br><br> **(1) DENYING PLAINTIFFS' MOTION TO COMPEL GRANADA WOOD AND CABINET'S FURTHER RESPONSES TO INTERROGATORIES (Dkt. No. 116); AND** <br><br> **(2) DENYING PLAINTIFFS' MOTION TO COMPEL GRANADA KITCHEN AND FLOOR'S FURTHER RESPONSES TO INTERROGATORIES (Dkt. No. 115)** |

**I.**

**INTRODUCTION**

On June 30, 2015, Plaintiffs Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl (collectively, "Plaintiffs") in the above-captioned patent action filed Motions to Compel Further Responses to Plaintiffs' Interrogatories against Defendants Granada Wood and Cabinets, Inc. ("GWC") and Granada Kitchen and Floor LLC ("GKF"). The Parties filed a Joint Stipulation with each Motion pursuant to Local Rule 37, ("GWC Jt. Stip.," Dkt. No. 116; "GKF

Jt. Stip.," Dkt. No. 115), both of which included a declaration of Roozbeh Gorgin in support of the Motion ("Gorgin GWC Decl."; "Gorgin GKF Decl.").[1] The Court took the matters under submission pursuant to Local Rule 7-15.

For the reasons stated below, Plaintiffs' Motion to Compel GWC's Further Responses to Interrogatories is DENIED. Plaintiffs' Motion to Compel GKF's Further Responses to Interrogatories is also DENIED.

**II.**

**FACTUAL BACKGROUND**

In this action, Plaintiffs allege in relevant part that GWC, GKF and Tao Zhang, as the alter ego of GWC and GKF, infringed their floor product patents. (See First Amended Complaint, Dkt. No. 51, ¶¶ 14, 26-55). GWC was in business from 2008 to 2012. (Dkt. No. 110 at 1). GKF has been in operation since November 2012. (Dkt. No. 109 at 1).

On October 17, 2014, Plaintiffs propounded their First Set of Interrogatories ("Int.") on GWC and GKF. (GWC Jt. Stip. Exh. A (Int. Nos. 1-13); GKF Exh. A (Int. Nos. 1-13)). Defendants separately served responses on November 17, 2014. (GWC Jt. Stip. Exh. B; GKF Jt. Stip. Exh. B). GWC and GKF each supplemented

---

[1] Defendants did not submit declarations with the Joint Stipulations.

2

their responses on December 23, 2014. (GWC Jt. Stip. Exh. C; GKF Jt. Stip. Exh. C).

Plaintiffs served their Second Set of Interrogatories on GKF on February 2, 2015. (GKF Jt. Stip. Exh. D (Int. No. 14)). On February 26, 2015, Plaintiffs served their Second Set of Interrogatories on GWC, (GWC Jt. Stip. Exh. D (Int. Nos. 14-21)), and their Third Set of Interrogatories on GKF. (GKF Jt. Stip. Exh. E (Int. Nos. 17-22)).[2] To date, neither Defendant has responded to the Interrogatories in Sets Two or Three.

On June 30, 2015, Plaintiffs filed the instant Motions seeking further responses to certain interrogatories in Sets One, Two and Three. (Dkt. Nos. 115-116). Although Defendants served their supplemental responses to the First Set of Interrogatories on December 23, 2014, and Defendants' responses to the Second and Third Sets of Interrogatories were due by March 30, 2015,[3] Plaintiffs did not challenge either GWC's or GKF's allegedly inadequate or delinquent interrogatory responses before filing the instant Motions.[4] As such, more than three months passed

---

[2] Plaintiffs did not serve any Interrogatories numbered 15 or 16 on GKF in either their Second or Third Set of Interrogatories. (See GKF Jt. Stip. at 9 n.1).

[3] Because the Second and Third Sets of Interrogatories were served on February 26, 2015, by operation of the Federal Rules, responses were due thirty days later, i.e., by March 28, 2015. See Fed. R. Civ. P. 33(b)(2). However, because March 28, 2015 was a Saturday, the deadline is extended to the following court day, i.e., March 30, 2015. See Fed. R. Civ. P. 6(a)(1)(C).

[4] Plaintiffs have filed discovery motions against Defendants besides GWC and GKF and against GWC and GKF seeking further

3

before a motion was filed challenging the allegedly defective responses.

## III.

## STANDARD

Federal Rule of Civil Procedure 33 governs the use of interrogatories as a discovery device in federal courts. The purpose of interrogatories is to limit and clarify the issues for the parties in preparation for further trial proceedings. See Soria v. Oxnard School Dist. Bd. of Trustees, 488 F.2d 579, 587 (9th Cir. 1973). Interrogatories, like all discovery requests, must be "reasonably calculated" to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); see also Rivera v. Nibco, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) (noting generally that district courts "need not condone the use of discovery to engage in 'fishing expedition[s]'").

---

responses to other types of discovery requests. On January 14, 2015, Plaintiffs filed a motion to compel further production of documents and interrogatory responses against two other Defendants, Chase Wood & Cabinets and Hui Chen, (see Dkt. No. 69), which the Court granted in part on February 27, 2015. (Dkt. No. 77). Plaintiffs initially filed motions to compel further production of documents against GWC and GKF, along with their purported alter ego, Tao Zhang, on March 3, 2015. (See Dkt. Nos. 79 (GKF), 80 (GWC) and 81 (Zhang)). On March 27, 2015, the Court denied Plaintiffs' motions without prejudice to refiling more focused motions following the depositions of Defendants' respective custodians of record. (Dkt. No. 99 at 11-13). Plaintiffs refiled their motions to compel production of documents against GWC, GKF and Zhang on June 5, 2015. (Dkt. Nos. 109, 110 and 112). The Court denied the motions as to GWC and Zhang and granted the motion in part as to GKF on July 10, 2015. (Dkt. No. 118).

A responding party must respond to interrogatories under oath to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996) (internal quotation marks and citation omitted). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. See Fed. R. Civ. P. 26(e)(1)(A) & 1993 advisory committee notes ("[T]he obligation to supplement responses to formal discovery requests applies to interrogatories, requests for production, and requests for admissions . . . .").

**IV.**

**DISCUSSION**

Plaintiffs served nearly identical sets of Interrogatories on GWC and GKF, and have put many of the same Interrogatories at issue for both Defendants in the instant Motions.[5] Although

---

[5] Plaintiffs seek further responses with respect to the allegedly infringing products from both GWC and GKF to the following interrogatories from Set One: Interrogatory Nos. 1 (amount and price of accused products imported), 2 (amount and price of accused products sold), 4 (identity of customers who placed orders), 5 (net revenue), 7 (identity of shipments), and 9 (address and phone number of showrooms). In addition, Plaintiff seek the brand or trade names under which GWC sold the accused

GWC's and GKF's responses and supplemental responses vary slightly depending on each company's respective history and actions, ultimately both GWC and GKF state in response to the instant Motions that they will supplement their responses to the Interrogatories put at issue by Plaintiffs' Motions. (See GWC Jt. Stip. at 6 ("Defendant is serving supplemental responses to these interrogatories [in the First Set of Interrogatories] that Plaintiffs identify as important to proving their case against Defendant . . . [and] will provide the verification for the interrogatories within the next seven (7) days."); id. at 9 ("Defendant will serve substantive responses, without objections, to the Third [sic] Set of Interrogatories Nos. 14-21."); GKF Jt. Stip. at 9 ("Defendant is serving supplemental responses to each of the above named interrogatories [in the First Set of Interrogatories] that Plaintiffs identify as important to proving their case against Defendant . . . [and] will provide the

---

products (GWC Int. No. 6) and an explanation of the legal and factual bases supporting GKF's affirmative defenses. (GKF Int. No. 12).

In addition, Plaintiffs seek the following information from Defendants in Interrogatory Sets Two and Three: corporate policies re the maintenance of corporate formalities (GWC Int. No. 14; GKF Int. No. 17); the company's relationship with Zhang and other specified individuals (GWC Int. No. 16; GKF Int. No. 18); borrowing or lending of money among the individual and entity Defendants (GWC Int. No. 17; GKF Int. No. 19); assumption of debt among the personal and entity Defendants (GWC Int. No. 18; GKF Int. No. 20); transfer or loan of assets among personal and entity Defendants (GWC Int. no. 19; GKF Int. No. 21); and list of employees or independent contractors from March 2008 to the present. (GWC Int. No. 21; GKF Int. No. 22). In addition, Plaintiffs seek information from GWC about its document retention policy and its reasons for dissolving. (GWC Int. Nos. 15 & 20). Plaintiffs also seek information from GKF about it business relationship with Changzhou Dehome Wood. (GKF Int. No. 14).

6

verification for the interrogatories within the next seven (7) days."); id. at 12 ("Defendant will serve substantive responses, without objections, to the Second and Third Set of Interrogatories Nos. 14, 17-22."). Because both GWC and GKF have represented that they will provide the information sought by the Interrogatories at issue, there is nothing presently for the Court to compel. Accordingly, the Motions are DENIED as MOOT.

Even if GWC and GKF had not promised to supplement their responses, the Court would find Plaintiffs' Motions problematic due to Plaintiff's delay in pursuing the discovery. Defendants served their responses to Plaintiffs' First Set of Interrogatories on December 23, 2014, more than six months before Plaintiffs filed the instant Motions to Compel. (GWC Jt. Stip. Exh. C; GKF Jt. Stip. Exh. C). Defendants' responses to the Second and Third Sets of Interrogatories were due at the very latest by March 30, 2015, three months before Plaintiffs filed the instant Motions. Undue delay in filing a motion to compel may be a sufficient ground for denying the motion. See Sille v. Parball Corp., 2010 WL 2505625, at *2 (D. Nev. June 14, 2010) ("While parties must meet and confer prior to the filing of a motion to compel, counsel are still expected to be diligent in doing so."); Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999) ("'If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely.'") (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2285 (1994 & Supp. 1998)). As one court explained:

> [C]ourts have made it clear that a party seeking to compel discovery must do so in timely fashion. Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. Clinchfield R. Co. v. Lynch, 700 F.2d 126, 132 n.10 (4th Cir. 1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. DesRosiers v. Moran, 949 F.2d 15, 22 n.8 (1st Cir. 1991).

Continental Industries, Inc. v. Integrated Logistics Solutions, LLC, 211 F.R.D. 442, 444 (N.D. Okla. 2002).

Furthermore, Plaintiffs filed the instant Motions on June 30, 2015, less than one month before the fact discovery cut-off of July 27, 2015, and noticed the hearing on the Motions for July 21, 2015, six days before the cut-off. (See Amended Scheduling Order, Dkt. No. 98, at 3). It is the requesting party's responsibility "to diligently prosecute all motions to compel, after meeting and conferring, such that the magistrate judge will have time to resolve them within the schedule set forth in the case management order." Dugan v. Lloyds TSB Bank, PLC, 2013 WL 5226964, at *1 (N.D. Cal. Sept. 17, 2013) (internal quotation

marks omitted). Judge O'Connell's standing order clearly provides that the discovery cut-off "is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed." (See Order for Civil Jury Trial, Dkt. No. 42, at 2) (emphasis in original; bold font omitted). Even if the Court were inclined to grant the relief sought, Defendants would not have had time to serve meaningful amended responses under the current schedule.

## V.
## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel GWC's Further Responses to Interrogatories is DENIED. Plaintiffs' Motion to Compel GKF's Further Responses to Interrogatories is also DENIED.

IT IS SO ORDERED.

DATED: July 24, 2015

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE